UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21955-CIV-DIMITROULEAS

Stephania Duque Correa,

     Plaintiff,

vs.

Choice Brands, Inc.
Martin R. Guzman Pena

     Defendants.

_____/

## NOTICE TO PARTIES IN FLSA CASES

In this action, Plaintiff alleges a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. *See* [DE 1].   The Court deems it advisable to inform the parties of this Court's policies and procedures in FLSA cases.

    1.   Any settlement, bargain, or other compromise resolving an FLSA claim must either be presented to the Secretary of Labor or scrutinized by the district court for fairness.   *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).   In considering settlement of an FLSA claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.   *Lynn's Food Stores*, 679 F.2d at 1354-55.

    2. Ordinarily, a district court has no discretion to deny a plaintiff's right to dismiss under Federal Rule of Civil Procedure 41(a)(1), nor may the court attach any conditions to that right.

1

*See Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976).[1]   However, this Court adopts the position that the principles articulated in *Lynn's Food* create an exception to Rule 41(a)(1).   *See, e.g. Perez-Nunez v. N. Broward Hosp. Dist.*, 609 F. Supp. 2d 1319, 1319-21 (S.D. Fla. 2009) ("This Court rejects Defendant's position that a court need not approve the terms under which a plaintiff may dismiss an FLSA claim with prejudice.").

3.   Accordingly, any voluntary dismissal or stipulation of dismissal will require the parties to submit a settlement agreement for judicial review and approval.   Further, the Court finds that in order to effectuate the Eleventh Circuit's requirement dictated by *Lynn's Food*, even dismissals without prejudice require the Court to review any settlement agreement that has been reached by the parties. *See Lynn's Food*, 679 F.2d at 1352 ("Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees.").

4.   The Court recognizes that there may be situations in which the plaintiff chooses to voluntarily dismiss the case, even if there has been no settlement or compromise.

(1)   In that event, the court will require the notice of voluntary dismissal to affirmatively state that (a) no settlement agreement has been reached, *and* (b) the plaintiff has voluntarily chosen to abandon the FLSA claims at this time.

(2)   The Court will construe such a dismissal to be <u>without</u> prejudice, regardless of the language used in the notice.   Plaintiff will be able to re-file or otherwise pursue the claim in the future, subject to the statute of limitations.

5.   Settlement agreements may not be filed under seal, unless there are extraordinary circumstances. *See Brown v. Advantage Eng'g Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances . . . the court file must remain accessible to the public."). The Court emphasizes that any circumstance to file under seal must be truly extraordinary to justify keeping the agreement from the public court file. As a result, the Court is unlikely to grant motions to file FLSA settlement agreements under seal.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of March, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record

3