UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-21955-DIMITROULEAS

STEPHANIA DUQUE CORREA,

     Plaintiff,

v.

CHOICE BRANDS INC. AND
MARTIN R. GUZMAN PENA,

     Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, CHOICE BRANDS INC. ("Corporate Defendant") and MARTIN R. GUZMAN PENA ("Individual Defendant") (collectively, "Defendants"), hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, STEPHANIA DUQUE CORREA ("Plaintiff"), and in support thereof states as follows:

## ANSWER

In response to the unnumbered paragraph preceding paragraph 1 of the Complaint, Defendants admit that Plaintiff sues Defendants through the filing of this action.

1. Defendants admit that Plaintiff is over 18 years old. Defendants are without sufficient knowledge to admit or deny the remaining allegations in paragraph 1 and therefore, deny them and demand strict proof thereof.

2. The allegations in paragraph 2 state a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny these allegations and demand strict proof thereof.

3.      Defendants admit that Plaintiff is a former hourly employee of the Corporate Defendant. Defendants deny all other allegations in paragraph 3 of the Complaint (including that she was non-exempt, which states a legal conclusion) and demand strict proof thereof.

4.      Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 4 and therefore, deny them and demand strict proof thereof.

5.      Defendants admit that the Corporate Defendant is a for-profit Florida corporation with its principal place of business in Miami-Dade County, Florida and that it is authorized to and has conducted business in Miami-Dade County, Florida. Defendants deny the remaining allegations in paragraph 5 and demand strict proof thereof.

6.      Defendants admit that the Individual Defendant is an officer of the Corporate Defendant. Defendants deny the remaining allegations in paragraph 6 and demand strict proof thereof.

7.      The allegations in paragraph 7 state a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny these allegations and demand strict proof thereof.

8.      Defendants deny these allegations and demand strict proof thereof.

9.      Defendants admit that this Court has original jurisdiction over Plaintiff's FLSA claims. Defendants deny the remaining allegations in paragraph 9 and demand strict proof thereof.

10.     Defendants admit that venue is proper in the Miami Division of the Southern District of Florida. Defendants deny the remaining allegations in paragraph 10 and demand strict proof thereof.

11.	Defendants deny the allegations in paragraph 11 and demand strict proof thereof.

12.	Defendants deny the allegations in paragraph 12 and demand strict proof thereof.

13.	Defendants admit that Plaintiff worked for the Corporate Defendant from December 19, 2024, through June 13, 2025. Defendants deny the remaining allegations in paragraph 13 and demand strict proof thereof.

14.	Defendants deny the allegations in paragraph 14 and demand strict proof thereof.

15.	Defendants admit the Corporate Defendant only has records regarding the exact dates of Plaintiff's employment. The remaining allegations in paragraph 15 state a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny these allegations and demand strict proof thereof.

16.	Defendants deny these allegations and demand strict proof thereof.

17.	Defendants deny these allegations and demand strict proof thereof.

18.	The allegations in paragraph 18 state a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny these allegations and demand strict proof thereof.

19.	Defendants deny the allegations in paragraph 19 and demand strict proof thereof.

20.	Defendants deny these allegations and demand strict proof thereof.

21.	Defendants deny these allegations and demand strict proof thereof.

22.	Defendants deny these allegations and demand strict proof thereof.

23.     Defendants deny these allegations and demand strict proof thereof.

24.     Defendants deny these allegations and demand strict proof thereof.

25.     The allegations in paragraph 25 are admitted but as to the Corporate Defendant only for 2025. All other allegations are denied.

26.     Defendants deny these allegations and demand strict proof thereof.

27.     Defendants admit that there were work weeks during which Plaintiff worked overtime and the Corporate Defendant did not pay her at an overtime rate. All other allegations are denied.

28.     Defendants deny these allegations and demand strict proof thereof.

29.     Defendants deny these allegations and demand strict proof thereof.

30.     Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 30 and therefore, deny them and demand strict proof thereof.

31.     Defendants deny these allegations and demand strict proof thereof.

32.     Defendants deny these allegations and demand strict proof thereof.

33.     Defendant denies the allegations in paragraph 27 and demands strict proof thereof.

In response to the Wherefore Clause of the Complaint, Defendants deny all the allegations contained therein, including in all its subparts, and demand strict proof thereof. Defendants acknowledge that Plaintiff seeks a trial by jury.

## **DEMAND FOR JURY TRIAL**

Defendants acknowledge that in the demand for jury trial, Plaintiff seeks a jury trial. All remaining allegations are denied.

## GENERAL DENIAL

Defendants deny all allegations, requests for relief, captions, headings, or notes throughout the Complaint that are not specifically admitted by Defendants.

## AFFIRMATIVE DEFENSES AND DEFENSES

Subject to and without waiving the above denials, Defendants, CHOICE BRANDS INC. ("Corporate Defendant") and MARTIN R. GUZMAN PENA ("Individual Defendant"), allege the following further and separate affirmative defenses and defenses:

1.      If Plaintiff proves that Defendants acted in violation of the FLSA, such actions were not willful or reckless, but rather in good faith and based on a reasonable belief that such actions were not in violation of the FLSA. Thus, neither liquidated damages nor an extended statute of limitations is warranted.

2.      Plaintiff's FLSA claims are *de minimus*, and therefore, not subject to payment and do not violate the FLSA.

3.      To the extent that Plaintiff engaged in activities during alleged work time that were personal in nature, were not for the benefit of Defendants or did not involve physical or mental exertion controlled or required by Defendants, Plaintiff's claims are barred.

4.      Plaintiff fails to state a claim against the Individual Defendant because he was not an "employer" of the Plaintiff under the FLSA. The Individual Defendant did not run the day-to-day operations of the Corporate Defendant and was not involved in paying Plaintiff her wages.

## RESERVATION OF RIGHTS

Defendants hereby give notice that it intends to rely on such other affirmative defenses and defenses as might become available or apparent during discovery, and thus, Defendants reserve the right to move to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses and Defenses.

**WHEREFORE,** Defendants, CHOICE BRANDS INC. and MARTIN R. GUZMAN PENA, respectfully request that the Court enter judgment in their favor, dismissing Plaintiff's claims with prejudice, and awarding Defendants their costs.

Respectfully submitted this 4th of May 2026.

By: /s/ Diane P. Perez
Diane P. Perez, B.C.S. (41869)
E-mail: *diane@dianeperezlaw.com*
**DIANE PEREZ, P.A.**
100 Almeria Ave., Suite 201
Coral Gables, Florida 33134
Telephone: (305) 985.5676
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: /s/ Diane P. Perez
Diane P. Perez, B.C.S. (41869)

CASE NO. 1:26-CV-21955

**Service List**
Brian H. Pollock, Esq.
E-mail: brian@fairlawattorney.com
Katie Schickman, Esq.
E-mail: katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave., Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
Counsel for Plaintiff