UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-21955-DIMITROULEAS

STEPHANIA DUQUE CORREA,

      Plaintiff,

v.

CHOICE BRANDS INC. AND
MARTIN R. GUZMAN PENA,

      Defendants.

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE

The parties, Plaintiff, STEPHANIA DUQUE CORREA ("Plaintiff"), and Defendants, CHOICE BRANDS INC. and MARTIN R. GUZMAN PENA ("Defendants") (collectively, the "Parties"), jointly request the Court: (1) approve the Confidential Settlement Agreement and Release ("Settlement Agreement") entered into between the Parties; and (2) enter an Order of Final Dismissal of Plaintiff's Claims against Defendants with Prejudice.  In support of this Motion, the Parties jointly state as follows:

### BACKGROUND

1. This is an action brought by Plaintiff against Defendants for alleged unpaid overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

2. Defendants have denied and defended against these allegations.

3. Because the Parties prefer to avoid the uncertainties of and expenses of further litigation, they have settled this action.

4. The Parties respectfully request the Court approve the Settlement Agreement, execute the Order of Final Dismissal of Plaintiff's Claims with Prejudice (which has been filed contemporaneously with this Motion) upon condition that the Court retain jurisdiction over this matter for 90 days to enforce their Settlement Agreement, and dismiss this cause with prejudice with attorney's fees and costs to be paid pursuant to the terms of the Settlement Agreement. A copy of the Parties Settlement Agreement is attached hereto as Exhibit "A."

5. The Parties agree that by entering into the Settlement Agreement and by consenting to the granting of the Order of Final Dismissal of Plaintiff's Claims with Prejudice, Defendants are not admitting any liability to Plaintiff or anyone else.

### MEMORANDUM OF LAW

Pursuant to federal law, settlements under the FLSA must be approved by either the Court or the U.S. Department of Labor to be binding. See Lynn's Food Stores v. U.S. ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352-1353 (11th Cir. 1982). In the former instance, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353. In this case, no complaint was filed with the U.S. Department of Labor. Rather, Plaintiff brought his claims directly before the Court.

To approve the settlement, the Court should determine the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. Id. at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id.; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

Here, the Parties agree the compromise is a fair and reasonable resolution of their dispute.

**WHEREFORE**, the Parties jointly request the Court: (1) approve the Settlement Agreement, attached hereto as Exhibit "A;" (2) enter an Order of Final Dismissal of Plaintiff's Claims against Defendants with Prejudice; and (3) retain jurisdiction for 90 days to enforce the terms of the Parties' Settlement Agreement.

Respectfully submitted this  26th day of June 2026.

By: /s/ Katie Schickman
Brian H. Pollock, Esq.
E-mail: brian@fairlawattorney.com
Florida Bar No. 17472
Katie Schickman, Esq.
E-mail: katie@fairlawattorney.com
Florida Bar No. 1064879
FAIRLAW FIRM
135 San Lorenzo Ave., Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
*Attorney for Plaintiff*

By:      /s/ Diane P. Perez
Diane P. Perez, B.C.S.
Fla. Bar No. 41869
diane@dianeperezlaw.com
DIANE PEREZ, P.A.
100 Almeria Ave., Suite 201
Coral Gables, Florida 33134
Telephone: (305) 985-5676
*Attorney for Defendants*

3

# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

**CHOICE BRANDS INC.** and **MARTIN R. GUZMAN PENA** (collectively referred to herein as **"Defendants"**) and **STEPHANIA DUQUE-CORREA**, her heirs, executors, administrators, successors, and assigns (collectively referred to herein as **"Duque-Correa"** or **"Plaintiff"**), (collectively, the Defendants and Plaintiff referred to herein as the **"Parties"**) hereby enter into this Confidential Settlement Agreement and Release ("**Agreement and Release**") this ___ day of June 2026, agreeing as follows:

WHEREAS, Duque-Correa filed a lawsuit in the U.S. District Court for the Southern District of Florida, titled Stephania Duque-Correa v. Choice Brands Inc. and Martin R. Guzman Pena, Case No. 1:26-CV-21955 (the **"Lawsuit"**), in which she alleged that Defendants failed to pay her overtime compensation in violation of the Fair Labor Standards Act ("FLSA");

WHEREAS, Plaintiff has also alleged Defendants have failed to pay her tips;

WHEREAS, Defendants deny any liability to Duque-Correa; and

WHEREAS, despite this denial, the Parties prefer to avoid the uncertainties of and expenses of further litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the Parties as follows:

1. **APPROVAL OF AGREEMENT; DISMISSAL OF CASE.** The Parties acknowledge and agree to jointly seek Court approval of this Agreement and Release, pursuant to Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982), and dismissal with prejudice of the Lawsuit provided that the Court retain jurisdiction for enforcement. The Parties further acknowledge and agree that this Agreement and Release will not be valid unless and until all of the following have occurred: (1) the Court approves this Agreement and Release; and (2) the Court has dismissed the Lawsuit with prejudice while retaining jurisdiction for enforcement (the **"Effective Date"**). If the Court declines to approve this Agreement and Release and dismiss the Lawsuit, this Agreement and Release shall be null and void in its entirety.

_SD_

Plaintiff's Initials

2.   **CONSIDERATION.**   In consideration for the execution by Duque-Correa of this Agreement and Release, and her compliance with the promises contained herein, Defendants agree to pay Duque-Correa within twenty (20) days from the Effective Date a total of **EIGHT THOUSAND, NINTY-TWO DOLLARS AND SIX CENTS ($8,092.06)** (the **"Settlement Payment"**), to which Duque-Correa would not otherwise be entitled to. The Settlement Payment shall be broken down as follows:

a.   One check payable to Duque-Correa, for alleged unpaid overtime totaling **$671.03,** for which a Form W2 will be provided to Duque-Correa; and

b.   One check payable to Duque-Correa, for alleged unpaid tips and the other promises contained in this Agreement and Release, totaling **$750.00,** for which a Form 1099 will be provided to Duque-Correa; and

c.   One check payable to the FairLaw Firm Trust Account, totaling **$6,671.03,** for which a Form 1099 will be provided to the aforementioned law firm and to Duque-Correa. Six hundred and seventy-one dollars and three cents ($671.03) of this amount will be a payment to Duque-Correa for liquidated damages and six thousand dollars ($6,000.00) of this amount will be a payment to FairLaw Firm, as her counsel, for fees and costs incurred in the Lawsuit.

Defendants make no representation regarding the taxability of the Settlement Payment paid pursuant to this Agreement and Release. Duque-Correa agrees to pay her portion of federal, state, or local taxes, if any, which are required to be paid with respect to this Agreement and Release. Duque-Correa agrees to provide Defendants with executed Forms W-4 and W-9 upon her execution of this Agreement and Release. Moreover, Duque-Correa agrees to indemnify Defendants and hold Defendants harmless from her share of any interest, taxes, or penalties assessed against Defendants by any governmental agency as the result of the non-payment of taxes on the Settlement Payment paid to Duque-Correa under this Agreement and Release.

3.   **NO CONSIDERATION ABSENT EXECUTION OF THIS AGREEMENT AND RELEASE.**   Duque-Correa understands and agrees that she would not receive the monies and/or benefits specified in Section 2 above, except for Duque-Correa's fulfillment of the promises contained herein.

4.   **RELEASE OF CLAIMS.**   In consideration for the Settlement Payment identified in Section 2 and the promises contained herein, Duque-Correa knowingly and voluntarily releases and forever discharges Defendants, and their parents, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and officers, directors, managers, employees and agents

SD

Plaintiff's Initials

thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement and Release as **"Releasees"**), of and from any and all other claims, including, but not limited to, claims that are known and/or unknown, asserted and/or unasserted, which Duque-Correa has and/or may have against Releasees as of the date of Duque-Correa's execution of this Agreement and Release, including, but not limited to, any and all claims arising from or in any way connected with Duque-Correa's employment with Defendant or the termination of Duque-Correa's employment with Defendant, such as, but not limited to: claims for unpaid wages and tips, the minimum wage, and overtime compensation; claims under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Civil Rights Acts of 1866 and 1871,the Age Discrimination in Employment Act, 29 U.S.C. § 621-634, the Fair Labor Standards Act, the Family Medical and Leave Act, the Pregnancy Discrimination Act, the Racketeer Influenced and Corrupt Company Act, the Florida Civil Rights Act, Fla. Stat. § 760.01-760.011, the Florida Minimum Wage Act, the Rehabilitation Act, Florida's Private Whistleblower Act, Fla. Stat. § 448.102, any and all local, state and federal statutes or laws; claims under the common law; claims for negligence, gross negligence or any other tort claim, including, but not limited to, intentional infliction of emotional distress, invasion of privacy, or false imprisonment; claims for breach of express or implied contract, interference with contractual relations, wages or benefits owed, covenants of fair dealing and good faith, civil conspiracy, duress, promissory or equitable estoppel, defamation, slander, fraud, mistake, misrepresentation, violation of public policy, personal injury, breach of fiduciary duty, loss of consortium, bad faith, and any other wrongful conduct; and claims under any and all federal, state or local laws, statutes, regulations, ordinances, or other similar provisions.

Duque-Correa agrees that it is Duque-Correa's express intent to enter into this full and final compromise and release of any and all claims she may have against the Releasees.  However, notwithstanding the foregoing, nothing in this Agreement and Release shall be construed to waive any right that is not subject to waiver by private agreement, including, without limitation, any claims arising under state unemployment insurance or workers compensation laws. If any claim is not subject to release, to the extent permitted by law, Duque-Correa waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any of the Releasees identified in this Agreement and Release is a party.

Duque-Correa further warrants and represents that she has not assigned or transferred, in whole or in part, to any other person or entity any claim of any sort whatsoever she has and/or may have against Releasees. It is understood

3

SD

Plaintiff's Initials

and agreed that this Agreement and Release constitutes a full and final bar to all other claims or demands of any kind that Duque-Correa has or may have against the Releasees, including costs, attorneys' fees, or other expenses.

Duque-Correa specifically agrees: (A) any and all claims she has or might have pertaining to Defendants' employment practices arising under any local, state, or federal law are now completely settled; and (B) that she will withdraw and/or dismiss with prejudice any pending complaints (including, without limitation, the Lawsuit), charges, claims, or causes of action that may have been filed against Defendant with any local, state, or federal government agency or court. Nothing in this Agreement and Release is intended to or shall interfere with Duque-Correa's rights under federal, state, or local civil rights or employment discrimination laws to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency, including, without limitation, the Equal Employment Opportunity Commission (the "EEOC"), the National Labor Relations Board ("NLRB"), the Internal Revenue Service ("IRS"), the Office of Inspector General ("OIG"), or any equivalent state or local agency or authority, or from participating in an investigation or proceeding by any such governmental agency or authority. However, to the extent permitted by law, Duque-Correa shall not be entitled to any relief, recovery, or monies in connection with any such action or investigation brought against Defendants, regardless of who filed or initiated any such complaint, charge, or proceeding.

## 5.   ACKNOWLEDGMENTS AND AFFIRMATIONS.

Duque-Correa waives all other claims against Releasees and agrees not to institute a lawsuit against the Releasees.

Duque-Correa further acknowledges and agrees that Duque-Correa waives not only her right to recover money or any other relief in any action she might commence, but also her right to recover in any action brought on her behalf by any federal, state, or local agency.

Duque-Correa acknowledges and affirms she is aware of her obligations to make tax payments on the Settlement Payment and agrees to forward to the Internal Revenue Service any tax payments due as a result of any and all payment resulting from this Agreement and Release.

Duque-Correa agrees that if a subpoena or legal process is issued with regard to the Releasees, Duque-Correa  will notify counsel for the Defendants, in writing, at least ten (10) calendar days before responding to the subpoena or legal process, at the following address:  Diane P. Perez, B.C.S., Diane Perez, P.A., 100 Almeria Ave., Suite 201, Coral Gables, FL 33134, Telephone: (305) 985-5676, E-mail: Diane@DianePerezLaw.com.

4

Plaintiff's Initials

Duque-Correa acknowledges and affirms that she has returned all of Defendants' property in Duque-Correa's possession, custody and/or control. Duque-Correa also acknowledges and affirms that she is in possession of all Duque-Correa's property that she had at Defendants' premises.

The Parties acknowledge and affirm that this Agreement and Release does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. The Parties acknowledge that Duque-Correa retains the right to communicate with such agencies. Nothing in this Agreement and Release limits Duque-Correa's ability to receive an award from a government-administered whistleblower award program as a result of providing information directly to a government agency.

The Parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, Duque-Correa has declared that the claims released herein do not involve any illness, injury, incident, or accident in which medical expenses were incurred. This affirmation is a material term of this Agreement and Release and without which Defendants would not have agreed to enter into this Agreement and Release. Furthermore, notwithstanding any provision herein to the contrary, Duque-Correa does not release any claim she may have against Defendants for any medical expenses paid by Medicare on Duque-Correa's behalf. Accordingly, Medicare has no interest in the payment under this settlement. If Medicare (or the agency representing Medicare's interests) later determines that it does have an interest in the payment to Duque-Correa under this settlement, Duque-Correa will indemnify Defendants as soon as possible for any payments and/or penalties Defendants make to Medicare (or the agency collecting on behalf of Medicare) as a result of the payment under this Agreement and Release.

Duque-Correa acknowledges and affirms that there was no undue influence, overreaching, collusion, or intimidation in reaching this Agreement and Release.

Duque-Correa acknowledges that because of circumstances unique to her including, but not limited to, irreconcilable differences with Defendants, Duque-Correa shall not apply in the future for employment with Defendants or any of the Releasees in any capacity, including directly, through a temporary employment agency, or in a contractor or subcontractor capacity. If Duque-Correa does apply for employment with or is hired or retained by Defendants or any of the Releasees in the future, then Duque-Correa shall be subject to immediate rejection or termination. This is a negotiated, non-retaliatory settlement term.

**6.     CONFIDENTIALITY.**

5

SD
Plaintiff's Initials

As a material condition to this Agreement and Release, Duque-Correa agrees that she will not disclose or discuss the existence of a settlement and/or the terms of this Agreement and Release with any other person, except her attorney, accountant, tax advisor, spouse, or as needed to report taxes, unless compelled by law. Moreover, if Duque-Correa discusses this Agreement and Release with her attorney, accountant, tax advisor, or spouse, it shall be her duty, responsibility, and obligation to direct them to comply with the terms of this Section 6. Duque-Correa shall be fully and completely responsible for any breach by them of this Section 6. Should any party be asked about this Lawsuit, the Parties agree to only state: "The Lawsuit has been resolved to the mutual satisfaction of the Parties."

Nothing contained herein, however, shall be construed as a prohibition against the filing with the Court of this Agreement and Release for the Court's approval pursuant to Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982) or for enforcement.

Duque-Correa agrees that she has read this Agreement and Release and that it is binding and enforceable; that this Agreement and Release is the result of a confidential proceeding and that she agrees to be bound by the terms of this Section 6 unless agreed to in writing by all signators or unless ordered by a court or government entity with legal authority to compel such disclosure.

7. **GOVERNING LAW AND INTERPRETATION.** This Agreement and Release shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Agreement and Release and/or seek any damages for breach. Should any provision of this Agreement and Release be declared illegal or unenforceable by any court of competent jurisdiction or government agency and cannot be modified to be enforceable, excluding the release language in Section 4, such provision shall immediately become null and void, leaving the remainder of this Agreement and Release in full force and effect.

8. **NON-ADMISSION OF WRONGDOING.** The Parties agree that neither this Agreement and Release nor the furnishing of the consideration for this Agreement and Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6

SD
Plaintiff's Initials

9. **NON-DISPARAGEMENT.** Duque-Correa agrees that she shall not make, oral or written, in any form or media or to any other person or entity, any statements about Defendants which Duque-Correa knows to be a false or which Duque-Correa makes with reckless disregard as to the statement's truth or falsity.

10. **NEUTRAL REFERENCES.** Upon executing this Agreement and Release, Duque-Correa authorizes Defendant, should Defendants be contacted by any prospective employer(s) of Duque-Correa, to discuss Duque-Correa's employment with such prospective employer(s). All inquiries from any prospective employer(s) of Duque-Correa should be directed only to Vasili Bykau (FL@sarpinos-usa.com), who will respond to such inquiries by only disclosing Duque-Correa's dates of work and position held without reference to any claim, demand, lawsuit, or resolution thereof.

Duque-Correa acknowledges and agrees that should Duque-Correa intentionally or inadvertently use any other employee of Defendants as a reference other than Vasili Bykau, Duque-Correa agrees that the person so used is acting solely in a personal capacity, not on behalf of Defendants, and Defendants shall have no liability to Duque-Correa for any information provided by the person so used, regardless of truth or falsity.

11. **AMENDMENT.** This Agreement and Release may not be modified, altered, or changed except in writing, signed by both Parties wherein specific reference is made to this Agreement and Release, and approved by the Court presiding over the Lawsuit.

12. **ENTIRE AGREEMENT.** This Agreement and Release sets forth the entire agreement between the Parties hereto and fully supersedes any prior agreements or understandings between the Parties. Duque-Correa acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with the decision to accept this Agreement and Release except for those set forth in this Agreement and Release.

13. **BREACH/ENFORCEMENT OF AGREEMENT AND PREVAILING PARTY ATTORNEY'S FEES AND COSTS.** Should any party to this Agreement and Release be required to enforce or defend the terms of this Agreement and Release in any proceeding, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs incurred by the prevailing party throughout all stages of the proceeding, including all appeals.

14. **COUNTERPARTS; ELECTRONIC SIGNATURE.** This Agreement and Release may be signed in counterparts; emailed, .pdf, and fax copies and electronic signatures to be considered the same as an original for all

7

SD
Plaintiff's Initials

purposes. This Agreement may be electronically signed through the use of an electronic signature software, such as DocuSign or Adobe that is legally binding and fully traceable. Defendants represent that each person who signs on behalf of a corporate entity has the legal authority to do so.

**15.    NO CONSTRUCTION AGAINST DRAFTER.** This Agreement and Release is deemed to have been drafted jointly by the Parties.  Any uncertainty or ambiguity shall not be construed for or against any party based on attribution of drafting by any party.  The terms of this Agreement and Release are executed without reliance upon any representations of any kind, except those expressly contained herein, and the Parties have carefully read this Agreement and signed the same voluntarily, of their own free will, and without duress of any kind from any person or entity.

**16.    ACKNOWLEDGMENT.** Duque-Correa acknowledges that she has been given a reasonable period of time in which to consider signing this Agreement and Release, that she has consulted with her counsel before signing this Agreement and Release, and that Duque-Correa agrees to the Agreement and Release in its entirety.  In addition, Duque-Correa acknowledges that Defendants have not made any representations other than those contained in this Agreement. Duque-Correa also acknowledges that she is entering into this Agreement and Release voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that it constitutes a full and final settlement and bar as to any and all claims she had or may have now have against Defendants.

**DUQUE-CORREA FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE THE ABOVE-REFERENCED CLAIMS SHE HAS OR MAY HAVE AGAINST DEFENDANTS.**

8

SD
Plaintiff's Initials

**CHOICE BRANDS, INC.**

Stephania DC

Stephania Duque Correa (Jun 26, 2026 07:34:06 EDT)

**STEPHANIA DUQUE-CORREA**

By:

Jun 26, 2026

Date

Date

**MARTIN R. GUZMAN PENA**

Date

9

SD
SD

Plaintiff's Initials

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

**CHOICE BRANDS INC.** and **MARTIN R. GUZMAN PENA (**collectively referred to herein as **"Defendants"**) and **STEPHANIA DUQUE-CORREA**, her heirs, executors, administrators, successors, and assigns (collectively referred to herein as **"Duque-Correa"** or **"Plaintiff"**), (collectively, the Defendants and Plaintiff referred to herein as the **"Parties"**) hereby enter into this Confidential Settlement Agreement and Release ("**Agreement and Release**") this ___ day of June 2026, agreeing as follows:

WHEREAS, Duque-Correa filed a lawsuit in the U.S. District Court for the Southern District of Florida, titled Stephania Duque-Correa v. Choice Brands Inc. and Martin R. Guzman Pena, Case No. 1:26-CV-21955 (the **"Lawsuit"**), in which she alleged that Defendants failed to pay her overtime compensation in violation of the Fair Labor Standards Act ("FLSA");

WHEREAS, Plaintiff has also alleged Defendants have failed to pay her tips;

WHEREAS, Defendants deny any liability to Duque-Correa; and

WHEREAS, despite this denial, the Parties prefer to avoid the uncertainties of and expenses of further litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the Parties as follows:

1. **APPROVAL OF AGREEMENT; DISMISSAL OF CASE.** The Parties acknowledge and agree to jointly seek Court approval of this Agreement and Release, pursuant to Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982), and dismissal with prejudice of the Lawsuit provided that the Court retain jurisdiction for enforcement. The Parties further acknowledge and agree that this Agreement and Release will not be valid unless and until all of the following have occurred: (1) the Court approves this Agreement and Release; and (2) the Court has dismissed the Lawsuit with prejudice while retaining jurisdiction for enforcement (the **"Effective Date"**). If the Court declines to approve this Agreement and Release and dismiss the Lawsuit, this Agreement and Release shall be null and void in its entirety.

_____
Plaintiff's Initials

2.      **CONSIDERATION.**  In consideration for the execution by Duque-Correa of this Agreement and Release, and her compliance with the promises contained herein, Defendants agree to pay Duque-Correa within twenty (20) days from the Effective Date a total of **EIGHT THOUSAND, NINTY-TWO DOLLARS AND SIX CENTS ($8,092.06)** (the **"Settlement Payment"**), to which Duque-Correa would not otherwise be entitled to. The Settlement Payment shall be broken down as follows:

a.      One check payable to Duque-Correa, for alleged unpaid overtime totaling **$671.03,** for which a Form W2 will be provided to Duque-Correa; and

b.      One check payable to Duque-Correa, for alleged unpaid tips and the other promises contained in this Agreement and Release, totaling **$750.00,** for which a Form 1099 will be provided to Duque-Correa; and

c.      One check payable to the FairLaw Firm Trust Account, totaling **$6,671.03,** for which a Form 1099 will be provided to the aforementioned law firm and to Duque-Correa. Six hundred and seventy-one dollars and three cents ($671.03) of this amount will be a payment  to Duque-Correa for liquidated damages and six thousand dollars ($6,000.00) of this amount will be a payment to FairLaw Firm, as her counsel, for fees and costs incurred in the Lawsuit.

Defendants make no representation regarding the taxability of the Settlement Payment paid pursuant to this Agreement and Release. Duque-Correa agrees to pay her portion of federal, state, or local taxes, if any, which are required to be paid with respect to this Agreement and Release. Duque-Correa agrees to provide Defendants with executed Forms W-4 and W-9 upon her execution of this Agreement and Release. Moreover, Duque-Correa agrees to indemnify Defendants and hold Defendants harmless from her share of any interest, taxes, or penalties assessed against Defendants by any governmental agency as the result of the non-payment of taxes on the Settlement Payment paid to Duque-Correa under this Agreement and Release.

3.      **NO CONSIDERATION ABSENT EXECUTION OF THIS AGREEMENT AND RELEASE.**  Duque-Correa understands and agrees that she would not receive the monies and/or benefits specified in Section 2 above, except for Duque-Correa's fulfillment of the promises contained herein.

4.      **RELEASE OF CLAIMS.**  In consideration for the Settlement Payment identified in Section 2 and the promises contained herein, Duque-Correa knowingly and voluntarily releases and forever discharges Defendants, and their parents, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and officers, directors, managers, employees and agents

2

_____
Plaintiff's Initials

thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement and Release as **"Releasees"**), of and from any and all other claims, including, but not limited to, claims that are known and/or unknown, asserted and/or unasserted, which Duque-Correa has and/or may have against Releasees as of the date of Duque-Correa's execution of this Agreement and Release, including, but not limited to, any and all claims arising from or in any way connected with Duque-Correa's employment with Defendant or the termination of Duque-Correa's employment with Defendant, such as, but not limited to: claims for unpaid wages and tips, the minimum wage, and overtime compensation; claims under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Civil Rights Acts of 1866 and 1871,the Age Discrimination in Employment Act, 29 U.S.C. § 621-634, the Fair Labor Standards Act, the Family Medical and Leave Act, the Pregnancy Discrimination Act, the Racketeer Influenced and Corrupt Company Act, the Florida Civil Rights Act, Fla. Stat. § 760.01-760.011, the Florida Minimum Wage Act, the Rehabilitation Act, Florida's Private Whistleblower Act, Fla. Stat. § 448.102, any and all local, state and federal statutes or laws; claims under the common law; claims for negligence, gross negligence or any other tort claim, including, but not limited to, intentional infliction of emotional distress, invasion of privacy, or false imprisonment; claims for breach of express or implied contract, interference with contractual relations, wages or benefits owed, covenants of fair dealing and good faith, civil conspiracy, duress, promissory or equitable estoppel, defamation, slander, fraud, mistake, misrepresentation, violation of public policy, personal injury, breach of fiduciary duty, loss of consortium, bad faith, and any other wrongful conduct; and claims under any and all federal, state or local laws, statutes, regulations, ordinances, or other similar provisions.

Duque-Correa agrees that it is Duque-Correa's express intent to enter into this full and final compromise and release of any and all claims she may have against the Releasees.  However, notwithstanding the foregoing, nothing in this Agreement and Release shall be construed to waive any right that is not subject to waiver by private agreement, including, without limitation, any claims arising under state unemployment insurance or workers compensation laws. If any claim is not subject to release, to the extent permitted by law, Duque-Correa waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any of the Releasees identified in this Agreement and Release is a party.

Duque-Correa further warrants and represents that she has not assigned or transferred, in whole or in part, to any other person or entity any claim of any sort whatsoever she has and/or may have against Releasees. It is understood

3

_____
Plaintiff's Initials

and agreed that this Agreement and Release constitutes a full and final bar to all other claims or demands of any kind that Duque-Correa has or may have against the Releasees, including costs, attorneys' fees, or other expenses.

Duque-Correa specifically agrees: (A) any and all claims she has or might have pertaining to Defendants' employment practices arising under any local, state, or federal law are now completely settled; and (B) that she will withdraw and/or dismiss with prejudice any pending complaints (including, without limitation, the Lawsuit), charges, claims, or causes of action that may have been filed against Defendant with any local, state, or federal government agency or court. Nothing in this Agreement and Release is intended to or shall interfere with Duque-Correa's rights under federal, state, or local civil rights or employment discrimination laws to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency, including, without limitation, the Equal Employment Opportunity Commission (the "EEOC"), the National Labor Relations Board ("NLRB"), the Internal Revenue Service ("IRS"), the Office of Inspector General ("OIG"), or any equivalent state or local agency or authority, or from participating in an investigation or proceeding by any such governmental agency or authority. However, to the extent permitted by law, Duque-Correa shall not be entitled to any relief, recovery, or monies in connection with any such action or investigation brought against Defendants, regardless of who filed or initiated any such complaint, charge, or proceeding.

## 5.    ACKNOWLEDGMENTS AND AFFIRMATIONS.

Duque-Correa waives all other claims against Releasees and agrees not to institute a lawsuit against the Releasees.

Duque-Correa further acknowledges and agrees that Duque-Correa waives not only her right to recover money or any other relief in any action she might commence, but also her right to recover in any action brought on her behalf by any federal, state, or local agency.

Duque-Correa acknowledges and affirms she is aware of her obligations to make tax payments on the Settlement Payment and agrees to forward to the Internal Revenue Service any tax payments due as a result of any and all payment resulting from this Agreement and Release.

Duque-Correa agrees that if a subpoena or legal process is issued with regard to the Releasees, Duque-Correa  will notify counsel for the Defendants, in writing, at least ten (10) calendar days before responding to the subpoena or legal process, at the following address:  Diane P. Perez, B.C.S., Diane Perez, P.A., 100 Almeria Ave., Suite 201, Coral Gables, FL 33134, Telephone: (305) 985-5676, E-mail: Diane@DianePerezLaw.com.

4

_____
Plaintiff's Initials

Duque-Correa acknowledges and affirms that she has returned all of Defendants' property in Duque-Correa's possession, custody and/or control. Duque-Correa also acknowledges and affirms that she is in possession of all Duque-Correa's property that she had at Defendants' premises.

The Parties acknowledge and affirm that this Agreement and Release does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local governmental agency. The Parties acknowledge that Duque-Correa retains the right to communicate with such agencies. Nothing in this Agreement and Release limits Duque-Correa's ability to receive an award from a government-administered whistleblower award program as a result of providing information directly to a government agency.

The Parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, Duque-Correa has declared that the claims released herein do not involve any illness, injury, incident, or accident in which medical expenses were incurred. This affirmation is a material term of this Agreement and Release and without which Defendants would not have agreed to enter into this Agreement and Release. Furthermore, notwithstanding any provision herein to the contrary, Duque-Correa does not release any claim she may have against Defendants for any medical expenses paid by Medicare on Duque-Correa's behalf. Accordingly, Medicare has no interest in the payment under this settlement. If Medicare (or the agency representing Medicare's interests) later determines that it does have an interest in the payment to Duque-Correa under this settlement, Duque-Correa will indemnify Defendants as soon as possible for any payments and/or penalties Defendants make to Medicare (or the agency collecting on behalf of Medicare) as a result of the payment under this Agreement and Release.

Duque-Correa acknowledges and affirms that there was no undue influence, overreaching, collusion, or intimidation in reaching this Agreement and Release.

Duque-Correa acknowledges that because of circumstances unique to her including, but not limited to, irreconcilable differences with Defendants, Duque-Correa shall not apply in the future for employment with Defendants or any of the Releasees in any capacity, including directly, through a temporary employment agency, or in a contractor or subcontractor capacity. If Duque-Correa does apply for employment with or is hired or retained by Defendants or any of the Releasees in the future, then Duque-Correa shall be subject to immediate rejection or termination. This is a negotiated, non-retaliatory settlement term.

6.      **CONFIDENTIALITY.**

5

_____
Plaintiff's Initials

As a material condition to this Agreement and Release, Duque-Correa agrees that she will not disclose or discuss the existence of a settlement and/or the terms of this Agreement and Release with any other person, except her attorney, accountant, tax advisor, spouse, or as needed to report taxes, unless compelled by law. Moreover, if Duque-Correa discusses this Agreement and Release with her attorney, accountant, tax advisor, or spouse, it shall be her duty, responsibility, and obligation to direct them to comply with the terms of this Section 6. Duque-Correa shall be fully and completely responsible for any breach by them of this Section 6. Should any party be asked about this Lawsuit, the Parties agree to only state: "The Lawsuit has been resolved to the mutual satisfaction of the Parties."

Nothing contained herein, however, shall be construed as a prohibition against the filing with the Court of this Agreement and Release for the Court's approval pursuant to <u>Lynn's Food Stores, Inc. v. U.S. Dep't of Labor</u>, 679 F.2d 1350 (11th Cir. 1982) or for enforcement.

Duque-Correa agrees that she has read this Agreement and Release and that it is binding and enforceable; that this Agreement and Release is the result of a confidential proceeding and that she agrees to be bound by the terms of this Section 6 unless agreed to in writing by all signators or unless ordered by a court or government entity with legal authority to compel such disclosure.

**7.    GOVERNING LAW AND INTERPRETATION.**    This Agreement and Release shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Agreement and Release and/or seek any damages for breach. Should any provision of this Agreement and Release be declared illegal or unenforceable by any court of competent jurisdiction or government agency and cannot be modified to be enforceable, excluding the release language in Section 4, such provision shall immediately become null and void, leaving the remainder of this Agreement and Release in full force and effect.

**8.    NON-ADMISSION OF WRONGDOING.** The Parties agree that neither this Agreement and Release nor the furnishing of the consideration for this Agreement and Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6

_____
Plaintiff's Initials

**9.**   **NON-DISPARAGEMENT.** Duque-Correa agrees that she shall not make, oral or written, in any form or media or to any other person or entity, any statements about Defendants which Duque-Correa knows to be a false or which Duque-Correa makes with reckless disregard as to the statement's truth or falsity.

**10.**   **NEUTRAL REFERENCES.** Upon executing this Agreement and Release, Duque-Correa authorizes Defendant, should Defendants be contacted by any prospective employer(s) of Duque-Correa, to discuss Duque-Correa's employment with such prospective employer(s). All inquiries from any prospective employer(s) of Duque-Correa should be directed only to Vasili Bykau (FL@sarpinos-usa.com), who will respond to such inquiries by only disclosing Duque-Correa's dates of work and position held without reference to any claim, demand, lawsuit, or resolution thereof.

Duque-Correa acknowledges and agrees that should Duque-Correa intentionally or inadvertently use any other employee of Defendants as a reference other than Vasili Bykau, Duque-Correa agrees that the person so used is acting solely in a personal capacity, not on behalf of Defendants, and Defendants shall have no liability to Duque-Correa for any information provided by the person so used, regardless of truth or falsity.

**11.**   **AMENDMENT.**   This Agreement and Release may not be modified, altered, or changed except in writing, signed by both Parties wherein specific reference is made to this Agreement and Release, and approved by the Court presiding over the Lawsuit.

**12.**   **ENTIRE AGREEMENT.**   This Agreement and Release sets forth the entire agreement between the Parties hereto and fully supersedes any prior agreements or understandings between the Parties. Duque-Correa acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with the decision to accept this Agreement and Release except for those set forth in this Agreement and Release.

**13.**   **BREACH/ENFORCEMENT OF AGREEMENT AND PREVAILING PARTY ATTORNEY'S FEES AND COSTS.** Should any party to this Agreement and Release be required to enforce or defend the terms of this Agreement and Release in any proceeding, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs incurred by the prevailing party throughout all stages of the proceeding, including all appeals.

**14.**   **COUNTERPARTS; ELECTRONIC SIGNATURE.**   This Agreement and Release may be signed in counterparts; emailed, .pdf, and fax copies and electronic signatures to be considered the same as an original for all

_____
Plaintiff's Initials

purposes. This Agreement may be electronically signed through the use of an electronic signature software, such as DocuSign or Adobe that is legally binding and fully traceable. Defendants represent that each person who signs on behalf of a corporate entity has the legal authority to do so.

**15.     NO CONSTRUCTION AGAINST DRAFTER.** This Agreement and Release is deemed to have been drafted jointly by the Parties.   Any uncertainty or ambiguity shall not be construed for or against any party based on attribution of drafting by any party.  The terms of this Agreement and Release are executed without reliance upon any representations of any kind, except those expressly contained herein, and the Parties have carefully read this Agreement and signed the same voluntarily, of their own free will, and without duress of any kind from any person or entity.

**16.     ACKNOWLEDGMENT.** Duque-Correa acknowledges that she has been given a reasonable period of time in which to consider signing this Agreement and Release, that she has consulted with her counsel before signing this Agreement and Release, and that Duque-Correa agrees to the Agreement and Release in its entirety.   In addition, Duque-Correa acknowledges that Defendants have not made any representations other than those contained in this Agreement. Duque-Correa also acknowledges that she is entering into this Agreement and Release voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that it constitutes a full and final settlement and bar as to any and all claims she had or may have now have against Defendants.

**DUQUE-CORREA FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTERS INTO THIS AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE THE ABOVE-REFERENCED CLAIMS SHE HAS OR MAY HAVE AGAINST DEFENDANTS.**

8

_____
Plaintiff's Initials

**CHOICE BRANDS, INC.**

_____
Martin Guzman (Jun 15, 2026 07:56:57 CDT)

**STEPHANIA DUQUE-CORREA**

By: _____
 Jun 15, 2026

_____

Date

Date

_____
Martin Guzman (Jun 15, 2026 07:56:57 CDT)

**MARTIN R. GUZMAN PENA**

 Jun 15, 2026
_____

Date

9

_____
Plaintiff's Initials

# Choice Brands - Correa - Confidential Settlement Agreement and Release

Final Audit Report                                                                     2026-06-15

| | |
|---|---|
| Created: | 2026-06-11 |
| By: | Diane Perez (diane@dianeperezlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAb77ynTYh2WhebL4b3fByOwKgh0q2w50e |

## "Choice Brands - Correa - Confidential Settlement Agreement and Release" History

🔖 Document created by Diane Perez (diane@dianeperezlaw.com)
2026-06-11 - 5:03:57 PM GMT- IP address: 99.173.152.203

✉ Document emailed to martinguzmanmiami@gmail.com for signature
2026-06-11 - 5:04:55 PM GMT

🔖 Email viewed by martinguzmanmiami@gmail.com
2026-06-11 - 5:08:43 PM GMT- IP address: 64.233.172.197

✍ Signer martinguzmanmiami@gmail.com entered name at signing as Martin Guzman
2026-06-15 - 12:56:55 PM GMT- IP address: 108.147.92.50

✍ Document e-signed by Martin Guzman (martinguzmanmiami@gmail.com)
Signature Date: 2026-06-15 - 12:56:57 PM GMT - Time Source: server- IP address: 108.147.92.50 - Signature Appearance Selected: MOBILE_DRAW

✅ Agreement completed.
2026-06-15 - 12:56:57 PM GMT

![Adobe Acrobat Sign]